## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAREDA SIMMONS, Parent and Natural** | : | **Civil Action** |
| **Guardian of A.S., a minor** | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO: _____** |
| | : | |
| **Crystal Harris (Badge #6257)** | : | Formerly |
| | : | **Court of Common Pleas** |
| **Gerald Rahill (Badge #3540)** | : | **Trial Division—Civil** |
| **AND** | : | |
| **City of Philadelphia** | : | **March Term, 2024** |
| **AND** | : | |
| **John Doe/Jane Doe/ ABC Corp.** | : | |
| **Defendants** | : | **No. 240300442** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, City of Philadelphia, (hereinafter "petitioner"), through its counsel, Kathryn Faris, Senior Attorney, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendant state the following:

1.      On March 5, 2024 the plaintiff initiated this action by Complaint in the Court of Common Pleas in Philadelphia, March Term, 2024; No.  240300442.  (Exhibit "A.")

2.      Named Defendants were properly served with the Complaint on the same date.

3.      In Counts II, and III of the Complaint, the plaintiff seeks relief against the petitioners pursuant to 42 U.S.C. § 1983[1] for alleged deprivations of rights protected by the Constitution of the United States.  (Id.)

---

[1] The Complaint alleges causes of action under the "Klu Klux Klan Act" which is now 42 U.S.C. § 1983.

4.     28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5.     The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

6.     True and correct copies of this Notice of Removal with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit "B," will be served upon the plaintiff and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

7.     In filing this Notice of Removal, the petitioners do not waive any available defenses in this action.

**Wherefore,** petitioner, City of Philadelphia respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Danielle Walsh
Chief Deputy City Solicitor

BY:        */s/ Kathryn Faris*
           **Kathryn Faris**
           **Senior Attorney**
           **Attorney I.D. No. 318580**
           City of Philadelphia Law Department
           1515 Arch Street, 14th Floor
           Philadelphia, PA  19102
           215-683-5445

Date:  April 3, 2024

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAREDA SIMMONS, Parent and Natural Guardian of A.S., a minor** | : | **Civil Action** |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO: _____** |
| | : | |
| **Crystal Harris (Badge #6257)** | : | Formerly |
| | : | **Court of Common Pleas** |
| **Gerald Rahill (Badge #3540)** | : | **Trial Division—Civil** |
| **AND** | : | |
| **City of Philadelphia** | : | **March Term, 2024** |
| **AND** | : | |
| **John Doe/Jane Doe/ ABC Corp.** | : | |
| **Defendants** | : | **No. 240300442** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

## NOTICE OF FILING OF REMOVAL

PLEASE TAKE NOTICE THAT on April 3, 2024 the defendant, City of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

*/s/ Kathryn Faris*
**Kathryn Faris**
**Senior Attorney**
**Attorney I.D. No. 318580**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5445

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAREDA SIMMONS, Parent and Natural Guardian of A.S., a minor** | : : : | **Civil Action** |
| **Plaintiff** | : | |
| **v.** | : : | **NO: _____** |
| **Crystal Harris (Badge #6257)** | : : | Formerly **Court of Common Pleas** |
| **Gerald Rahill (Badge #3540) AND** | : : | **Trial Division—Civil** |
| **City of Philadelphia AND** | : : | **March Term, 2024** |
| **John Doe/Jane Doe/ ABC Corp.** | : | |
| **Defendants** | : : | **No. 240300442** |
| | : : | **JURY TRIAL DEMANDED** |

<u>**CERTIFICATE OF SERVICE**</u>

I, Kathryn Faris, Senior Attorney, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the plaintiff's attorney and the co-defendants on the date indicated below the Court's electronic filing system.

*/s/ Kathryn Faris*
**Kathryn Faris
Senior Attorney
Attorney I.D. No. 318580**

Date: April 3, 2024

Exhibit "A"

**FRIEDMAN & LEVIN ASSOCIATES**
**BY: JASON JAVIE**
Identification No. 309840
Two Penn Center, Suite 900
1500 John F. Kennedy Boulevard
Philadelphia, PA  19102
(215) 563-7642
(215) 563-9145 (Fax)
jason.javie@crllaw.com

THIS IS A MAJOR CASE
Jury Trial Demanded

*Filed and Attested by the
Office of Judicial Records
05 MAR 2024 01:40 pm
C. SMITH*

Attorneys for Plaintiff

|  |  |  |
|---|---|---|
| **SAREEDA SIMMONS, Parent and Natural Guardian of AS, a Minor Child,** | : : : : | **PHILADELPHIA COUNTY** |
| *- Plaintiff -* | : : | **COURT OF COMMON PLEAS TRIAL DIVISION** |
| **vs.** | : : | March Term, 2024 |
| **POLICE OFFICER CRYSTAL HARRIS, et al.** | : : : | No. _____ |
| *- Defendants -* | : : : : | |

## CIVIL ACTION-COMPLAINT
## OTHER TORT 2O

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CONNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information
One Reading Center
Philadelphia, PA  19107
(215) 238-1701

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requerer que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SINO TIENE EL DINERO SUFICINENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion De Licenciado De Filadelfia
One reading Center
Filadelfia, PA  19107
Telefono: (215) 238-1701

1

Case ID: 240300442

**FRIEDMAN & LEVIN ASSOCIATES**
**BY: JASON JAVIE**
Identification No. 309840
Two Penn Center, Suite 900
1500 John F. Kennedy Boulevard
Philadelphia, PA  19102
(215) 563-7642
(215) 563-9145 (Fax)
jason.javie@crllaw.com

THIS IS A MAJOR CASE
<u>Jury Trial Demanded</u>

Attorneys for Plaintiff

|  |  |  |
|---|---|---|
| **Sareda Simmons, Parent and Natural Guardian of A.S., a Minor Child**<br>2426 North 17th Street<br>Philadelphia, Pennsylvania 19132 | : | **PHILADELPHIA COUNTY**<br><br>**COURT OF COMMON PLEAS TRIAL DIVISION** |
| *- Plaintiff -* | : | March Term, 2024 |
| **vs.** | : | No. _____ |
| **Crystal Harris (Badge # 6257)**<br>c/o Renee Garcia, Esquire<br>Acting City Solicitor<br>1515 Arch Street<br>17th Floor<br>Philadelphia, Pennsylvania 19102<br>and<br>**Gerald Rahill (Badge # 3540)**<br>c/o Renee Garcia, Esquire<br>Acting City Solicitor<br>1515 Arch Street<br>17th Floor<br>Philadelphia, Pennsylvania 19102<br>and<br>**City of Philadelphia**<br>c/o Renee Garcia, Esquire<br>Acting City Solicitor<br>1515 Arch Street<br>17th Floor<br>Philadelphia, Pennsylvania 19102<br>and<br>**John Doe/Jane Doe/ABC Corp.** | : | |
| *- Defendants -* | : | |

<u>**CIVIL ACTION- COMPLAINT**</u>
<u>**OTHER TORT-2O**</u>

2

Case ID: 240300442

1.      Plaintiff, Sareda Simmons, is an individual citizen and resident of the Commonwealth of Pennsylvania, County of Philadelphia, residing therein at the address shown in the caption.

2.      Sareda Simmons is the parent and natural guardian of A.S. and brings the instant action of his behalf.

3.      At all relevant times, A.S. was a 2 year old toddler.

4.      Defendant, Crystal Harris is an adult individual who at all relevant times was employed as a Philadelphia Police Officer assigned to the Highway Division.

5.      Defendant, Gerald Rahill is an adult individual who at all relevant times was employed as a Philadelphia Police Officer assigned to the Highway Division.

6.      At all relevant times, Defendants Rahill and Harris were operating under color of State and local law and are sued in their individual and official capacities.

7.      At all relevant times, the Defendants were acting in the course and scope of their employment but at times may have acted in a manner that was unexpected by their employer and/or committed acts that were not in fact within the scope of their employment.

8.      Defendant City of Philadelphia is a local municipal Government and County.

9.      Defendant, John Doe/Jane Doe/ABC Corp (hereinafter referred to as "John Doe") is an individual, corporation and/or other entity whose identity, after reasonable investigation, is currently unknown. The "John Doe", "Jane Doe" and "ABC Corp" designations are merely fictitious designations pursuant to Pennsylvania

3

Case ID: 240300442

Rule of Civil Procedure 2005, and if the actual Defendant is identified, said actual Defendant will be joined to this action under his, her or their actual name within the time period set forth under Pennsylvania Rule of Civil Procedure 2005 after he, she or it, is identified.

10.     At all relevant times herein the Defendants, John Doe is/are fictitiously named Defendants, who caused or contributed in causing the injuries sustained by minor A.S. described below and/or assisted other Defendants in their attempts to avoid responsibility for the injuries that they caused to A.S.

### Factual Background

11.     Plaintiff reincorporates all preceding paragraphs.

12.     On February 11, 2023, Plaintiff was at her residence located at 2426 N. 17th Street.

13.     At approximately 7:45 p.m., Defendants Crystal Harris and Gerald Rahill approached the residence and knocked on the door purporting to investigate a domestic incident at the residence.

14.     At the time that the Defendants approached the residence, they were wearing official uniforms provided to members of the Philadelphia Police Department's Highway Patrol Unit.

15.     Both defendants were carrying Philadelphia Police Department-issued Conducted Energy Weapons.

16.     A Conducted Energy Weapon is a device that delivers low amperage electrical current into its target, temporarily impacting the sensory and motor nervous system.

4

17.     Such weapons are routinely used by law enforcement officers as less lethal alternatives to weaponry capable of causing death such as firearms.

18.     Conducted Energy Weapons use compressed nitrogen to propel two barbed probes (which are sometimes referred to as darts) outwards.

19.     Electricity travels along thin wires attached to the probes.

20.     When successfully deployed, the darts will puncture the skin and deliver electronic current into the body of a subject, resulting in the sensory and nervous impacts described above.

21.     If the barbs puncture the sphere of an eye, there is a high likelihood that blindness will result.

22.     For this reason, Conducted Energy Weapons should be fired toward the body of a suspect and in any event never in the direction of anyone's face.

23.     Nor should Conducted Energy Weapons ever be used on toddlers.

24.     When Rahill and Harris knocked on the door, Plaintiff answered.

25.     Plaintiff told Rahill and Harris that their assistance was not needed.

26.     At or about this time, another resident named Maurice Sanders came downstairs.

27.     Sanders then attempted to terminate the encounter and tried to close the door.

28.     In response, Defendants Harris and Rahill forced the door open and forcefully entered the property.

29.     While inside of the property, Harris and Rahill physically assaulted Maurice Sanders and brought him to the ground.

Case ID: 240300442

30.     During the ensuing commotion, several minor children including A.S. came downstairs and were observing what was occurring while sitting on the staircase.

31.     While these minors were on the staircase, both Defendants Harris and Rahill discharged their department-issued Conducted Energy Weapons one or more times.

32.     On at least one occasion, the weapons were discharged in the direction of the minors sitting on the steps.

33.     A.S. was struck by one or more of the discharges in his left chest and right eye.

34.     As a result, A.S. sustained serious and painful injuries which have resulted in scarring and disfigurement, total blindness, emotional trauma, pain and suffering and have required medical attention and services.

35.     The episode horrified and traumatized A.S.

36.     It is further asserted that these injuries will require future medical treatment, including but not limited to cosmetic surgery, the removal of A.S.'s eye and the placement of an ocular prosthesis as well as counseling.

37.     After the incident, the Defendants prepared police department paperwork which incorrectly attributed A.S.'s injuries to the conduct of Maurice Sanders.

**COUNT I:**

*Sareda Simmons on behalf of A.S. v. Gerald Rahill & Crystal Harris*

**BATTERY**

38.     Plaintiff reincorporates all preceding paragraphs.

Case ID: 240300442

39.     On or about February 11, 2023, Defendants Rahill and Harris deployed their Conducted Energy Weapons in such a fashion as to cause bodily contact with A.S.

40.     The bodily contact was of the type that would offend a reasonable sense of personal dignity.

41.     When they discharged the Conducted Energy Weapon in the vicinity and direction of A.S. without regard to A.S.'s position, the officers either intended to cause bodily contact, knew that that such bodily contact was likely to occur, or should have known that such bodily contact was likely to occur.

42.     Said discharge under the circumstances was willful, wanton, reckless, inexecrable, unrighteous and outrageous.

43.     A.S. was without blame in this incident.

44.     As a result this bodily contact, A.S. sustained the injuries that were described more fully above.

**WHEREFORE**, Plaintiff, Sareda Simmons, hereby demands judgment against Defendants Rahill and Harris for compensatory damages, punitive damages and any other sums to which she is entitled under the law in an amount in excess of Fifty Thousand ($50,000) Dollars.

## COUNT II

### _Syreeta Simmons on behalf of A.S. v. Gerald Rahill and Crystal Harris_

### KU KLUX KLAN ACT

45.     Plaintiff Syreeta Simmons reincorporates all preceding paragraphs.

46.     At all relevant times, Defendants Rahill and Harris were operating under color of state law.

Case ID: 240300442

47.     Defendants Rahill and Harris' actions were objectively reasonable in light of the facts and circumstances confronting them.

48.     The deployment of the Conducted Energy Weapon and the resulting bodily contact and injuries to A.S. thus amounted to an unreasonable seizure under the Fourth Amendment to the United States Constitution.

49.     Under the circumstances, the deployment of the Conducted Energy Weapon on a toddler likewise amounted to an excessive use of force in violation of the Fourth Amendment to the United States Constitution.

50.     For all of the these reasons, the actions of Defendants Rahill and Harris amounted to a deprivation of A.S.'s Fourth Amendment rights.

**WHEREFORE**, Plaintiff, Sareda Simmons, hereby demands judgment against Defendants Gerald Rahill and Crystal Harris in an amount in excess of Fifty Thousand ($50,000) Dollars.

### COUNT III

*Syreeta Simmons on behalf of A.S. v. City of Philadelphia*

### KU KLUX KLAN ACT

51.     Plaintiff Syreeta Simmons reincorporates all preceding paragraphs.

52.     At all relevant times, the City of Philadelphia maintained its own municipal police department often referred to as the Philadelphia Police Department.

53.     The Philadelphia Police Department is responsible for *inter alia* enforcement of the criminal laws in the City of Philadelphia and purports to act under color of law.

54.     Sometime prior to the date of the incident in, question, the City of Philadelphia and the Philadelphia Police Department, by and through its officials and

Case ID: 240300442

other designates within the Police Department and elsewhere, promulgated a series of directives designed to educate, inform, guide, govern and control the men and women of its police force in *inter alia* the execution of their official duties.

55.     Of particular relevance, the City of Philadelphia adopted Directive 10.3 which is the official policy concerning the use of the Conducted Energy Weapon more commonly referred to as a taser.

56.     This policy authorizes officers to carry these weapons and sets forth, *inter alia*, guidelines to determine which situations warrant officers to use these weapons.

57.     The policy does not direct officers to consider or factor in the safety of innocent bystanders when determining whether to discharge a Conducted Energy Weapon.

58.     Nor does the policy advise or mandate officers to refrain from deploying a Conducted Energy Weapon in the direction of an individual's face.

59.     The policy does not proscribe, prevent or prohibit an officer from discharging a Conducted Energy Weapon when the doing so would present a risk of injury to a third party.

60.     The policy does not prescribe the use of Conducted Energy Weapons on children.

61.     In this regard, the policy amounts to deliberate indifference and wanton disregard for the right of citizens (like A.S.) to be free from unreasonable seizures and the use of excessive force.

62.     The policy is written primarily for the purpose of protecting police officers and was not formulated to protect citizens or other innocent bystanders.

9

Case ID: 240300442

63.     While the department trains their officers in accordance with this policy and in fact mandates that they follow this policy when employing a Conducted Energy Weapon, said training is inadequate insofar as officers are not directed to consider the safety of others when using Conducted Energy Weapons.

64.     The training is likewise inadequate insofar as the Officers are not instructed to refrain from using Conducted Energy Weapons on toddlers.

65.     It is believed and therefore averred that the risk of harm to others presented by Conducted Energy Weapons was well-known to the official(s) who promulgated the policy at issue in this case.

66.     Acting pursuant to this policy, the Defendants Harris and Rahill discharged Conducted Energy Weapons at least three times on the evening question without regard to the safety of others in the vicinity of the weapon or the age of the individuals upon whom they were using their weapon.

67.     At the time of the discharge, several young children were located on the steps of the residence.

68.     The discharge was made in the general direction of the children and more specifically in the direction of A.S.'s face.

69.     One of the discharges struck A.S. in the chest and in his left eye, causing the serious and horrific injuries described elsewhere in this complaint.

70.     The above-reference policy was the driving force behind the constitutional violation at issue here and more fully described above.

71.     The above-referenced policy was a direct, proximate and substantial cause of these injuries.

Case ID: 240300442

72.    The inadequate training reference above was a direct, proximate and substantial cause of these injuries.

**WHEREFORE**, Plaintiff, Sareda Simmons, hereby demands judgment against the City of Philadelphia in an amount in excess of Fifty Thousand ($50,000) Dollars.

Respectfully submitted,

**FRIEDMAN & LEVIN ASSOCIATES**

By: _/s/ Jason Javie_

**JASON JAVIE**
Attorneys for Plaintiff

Date: March 5, 2024

## **VERIFICATION**

I, **Jason Javie**, hereby state that the facts above set forth are true and correct (or are true and correct to the best of my knowledge, information and belief) and that I expect to be able to prove the same at a hearing held in this matter. I understand that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities).

_Jason Javie_

Date: **March 5, 2024**

Case ID: 240300442

Exhibit "B"

City of Philadelphia Law Department        Attorney for Defendants
KATHRYN FARIS, ESQUIRE
Senior Attorney
Attorney Identification No. 318580
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595
(215) 683-5445
(215) 683-5397 (fax)
kathryn.faris@phila.gov

---

| | | |
|---|---|---|
| **SAREDA SIMMONS, Parent and Natural Guardian of A.S., a minor** | : | **Civil Action** |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO: _____** |
| | : | |
| **Crystal Harris (Badge #6257)** | : | Formerly |
| | : | **Court of Common Pleas** |
| **Gerald Rahill (Badge #3540)** | : | **Trial Division—Civil** |
| **AND** | : | |
| **City of Philadelphia** | : | **March Term, 2024** |
| **AND** | : | **No. 240300442** |
| **John Doe/Jane Doe/ ABC Corp.** | : | |
| **Defendants** | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

---

<u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

**To the Prothonotary:**

Pursuant to 28 U.S.C. § 1446(d), Defendant, City of Philadelphia, by and through the undersigned counsel, hereby give notice that they have filed in the United States District Court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

Respectfully submitted,

Date:  April 3, 2024

*/s/ Kathryn Faris*
Kathryn Faris, Esquire

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sareda Simmons, Parent and Natural Guardian of AS, a Minor Child

## DEFENDANTS
City of Philadelphia, Crystal Harris, Gerald Rahill

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason Javie, Friedman & Levin Associates, Two Penn Center, Suite 900, 1500 JFK Blvd., Philadelphia, PA 19102; 215-563-7642

Attorneys *(If Known)*
Kathryn Faris, Esq. Philadelphia Solicitor's Office, 1515 Arch Street, Philadelphia, PA 19102; 215-683-5445

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |   Product Liability | |   28 USC 157 |   3729(a)) |
| ☐ 140 Negotiable Instrument |   Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |   Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|   & Enforcement of Judgment |   Slander |   Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |   Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|   Student Loans | ☐ 340 Marine |   Injury Product | |   New Drug Application | ☐ 470 Racketeer Influenced and |
|   (Excludes Veterans) | ☐ 345 Marine Product |   Liability | | ☐ 840 Trademark |   Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |   Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
|   of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards |   Act of 2016 |   (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |   Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract |   Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** |   Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |   Property Damage |   Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |   Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - |   Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) |   Exchange |
| |   Medical Malpractice | |   Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |   Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |   Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |   Sentence | |   or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |   Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** |   26 USC 7609 |   Act/Review or Appeal of |
| |   Employment | **Other:** | ☐ 462 Naturalization Application | |   Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| |   Other | ☐ 550 Civil Rights |   Actions | |   State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sec. 1983
Brief description of cause:
Allegations of civil rights violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE   Apr 3, 2024

SIGNATURE OF ATTORNEY OF RECORD   /s Kathryn Faris

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.