IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAREDA SIMMONS,** Parent and Natural Guardian of **A.S.**, a Minor Child, | : : : | No. 2:24-cv-01395 |
| vs. | : : | (Judge Padova) |
| **POLICE OFFICER CRYSTAL HARRIS,** et al. | : : | |

**PROPOSED ORDER**

**AND NOW**, this _____ day of _____, **2026**, upon consideration of the Motion for an Order Approving the Proposed Settlement and to Compromise a Minor's Action, it is hereby **ORDERED** and **DECREED** that Petitioner is authorized to enter into the following settlements with the City of Philadelphia:

**CONSIDERATION:**

By way of this settlement, the defendant will pay the following sums to plaintiff:

1. An immediate cash payment of $196,753.01 to be disbursed as follows:

    $196,753.01 payable to Jason Javie, PC inclusive of attorney fees, liens, costs and expenses, representing the following:
    **Attorney Fee:**     $166,666.66
    **Medical Records:**  $67.03
    **Complaint:**        $685.17
    **Compromise:**       $72.68
    **DHS Lien:**         $29,261.47
    Jason Javie, PC is ordered to disburse payment to DHS within ten (10) days of the receipt of said funds.

2. The remaining sum of $303,246.99 shall be paid to New York Life Insurance Company for the purchase of an annuity policy from New

York Life Insurance Company to provide the below future periodic payments on the dates and in the amounts indicated hereafter:

**Payable to: Legacy Enhancement Trust FBO Akhil Sanders ("Payee")**

$7,000.00 payable annuity, guaranteed for 13 years(s), beginning on 03/15/2026, with the last guaranteed payment on 03/15/2038

**Payable to: Akhil Sanders ("Payee")**

$40,000.00 payable annually, guaranteed for 4 year(s), beginning on 07/01/2038, with the last guaranteed payment on 07/01/2041.

$3,737.79 payable monthly, guaranteed for 10 year(s), beginning on 03/15/2042, with the last guaranteed payment on 02/15/2052.

**ASSIGNMENT:**

The obligation to make periodic payments described in the section above may be assigned to New York Life Insurance & Annuity Corp. ("Assignee") and funded by an annuity contract issued by The New York Life Insurance Company ("Annuity Issuer"), rated A++XV by A.M. Best Company.

Any payments to be made after the death of the Payee pursuant to the terms of the Settlement Agreement shall be made to the Legacy Enhancement Trust FBO of Akhil Sanders or the Estate of the Payee. After age of majority, Payee may submit a change of beneficiary to the Assignee for payments directed to Payee himself. The designation must be in a form acceptable to the Assignee before such payments are made.

Payee acknowledges that the Periodic Payments cannot be accelerated, deferred, increased, or decreased by the Payee; nor shall the Payee have the

**power to sell, mortgage, encumber, or anticipate the Periodic Payments or any part thereof, by way of assignment or otherwise.**

By the Court:

Date: _____                           _____
                                        Honorable John R. Padova, U.S.D.J.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAREDA SIMMONS,** Parent and Natural Guardian of **A.S.**, a Minor Child, | : : : | No. 2:24-cv-01395 |
| vs. | : : | (Judge Padova) |
| **POLICE OFFICER CRYSTAL HARRIS,** et al. | : : | |

### PETITION FOR LEAVE TO SETTLE OR COMPROMISE MINOR'S ACTION

**AND NOW, Jason Javie, attorney for Sareda Simmons,** hereby moves this Court for an order granting permission to settle this Claim with the City of Philadelphia and compromise this action on behalf of Akhil Sanders pursuant to the proposed terms detailed more fully herein. In support thereof, Mr. Javie avers as follows:

1. Petitioner is Sareda Simmons, mother and legal guardian of Akhil Sanders, a minor.

2. Akhil Sanders was born on March 15, 2020.

3. Minor Plaintiff resides with his mother at 2426 N. 17th Street in Philadelphia, Pennsylvania.

4. On or about February 11, 2023, Philadelphia Police were dispatched to the residence located at 2426 N. 17th Street in Philadelphia to investigate a domestic assault perpetrated by Maurice Sanders on Sareda Simmons.

5. Upon their arrival, police made entry after observing physical injuries to Sareda Simmons.

6. While inside, police were physically accosted by Maurice Sanders.

7. During the struggle with Maurice Sanders, one or more officers discharged conducted energy weapons more commonly referred to as "tasers".

8. Akhil Sanders was struck in the eye and the chest by one or more such discharge.

9. Sanders sustained a rupture of the globe of his eye and, while he has recovered, has permanent blindness and disfigurement.

10. He may also require a prosthesis in the future.

11. Although there are no outstanding medical bills, there is a final DHS lien in the amount of $29,261.47 representing money expended for Akhil Sanders' medical care.

12. A copy of the final lien amount is attached.

13. Suit was initially filed against the individual officers and the City of Philadelphia in the Philadelphia Court of Common Pleas at March Term 2024, No. 442.

14. The case was removed to the United States District Court for the Eastern District of Pennsylvania shortly after service of original process was effectuated.

15. In April of 2025 and pursuant to this Court's order, the Honorable Craig M. Straw presided over a settlement conference wherein the parties arrived at a settlement figure of $500,000.00.

16. The settlement figure is considered reasonable, especially in light of evidentiary/proof issues that plaintiffs would have faced in bringing this matter to trial.[1]

---

[1] The City of Philadelphia was sued under a Monell theory. Under Third Circuit law liability of the individual officers would have required a showing of recklessness. See, e.g., Fagan v. City of Vineland, 22 F.3d 1283 (3d Cir. 1994). Moreover, the City may have been able to advance an argument that no seizure occurred insofar as A.S. was akin to an "innocent bystander". See Berg v. County of Allegheny, 219 F.3d 261, 269 (3d Cir. 2000) ("[I]f a police officer fires his gun at a fleeing robbery suspect and the bullet inadvertently strikes an innocent bystander, there has been no Fourth Amendment seizure.").

17. In order to maximize the benefit of these funds for Mr. Sanders, counsel has engaged a structured settlement company in order to protect A.S.'s interests in the funds as detailed below.

18. Under this structure, the defendant City of Philadelphia will make an immediate cash payment of $196,753.01 to be disbursed as follows:

$196,753.01 payable to Jason Javie, Attorney at Law inclusive of attorney fees, cost and expenses, representing the following:
| | |
|---|---|
| Attorney Fee: | $166,666.66 |
| Medical Records: | $67.03 |
| Complaint: | $685.17 |
| Compromise: | $72.68 |
| DHS Lien: | $29,261.47 |

19. Thereafter, the City will pay the remainder of the settlement in the amount of $303,246.99 to New York Life Insurance Company for the purchase of an annuity policy from that will pay out future periodic payments on the dates and in the amounts indicated hereafter:

Payable to: Legacy Enhancement Trust FBO Akhil Sanders ("Payee")

$7,000.00 payable annuity, guaranteed for 13 years(s), beginning on 03/15/2026, with the last guaranteed payment on 03/15/2038

Payable to: Akhil Sanders ("Payee")

$40,000.00 payable annually, guaranteed for 4 year(s), beginning on 07/01/2038, with the last guaranteed payment on 07/01/2041.

$3,737.79 payable monthly, guaranteed for 10 year(s), beginning on 03/15/2042, with the last guaranteed payment on 02/15/2052.

20. The obligation to make periodic payments described in the section above may be assigned to New York Life Insurance & Annuity Corp. ("Assignee") and funded by an annuity contract issued by The New York Life Insurance Company ("Annuity Issuer"), rated A++XV by A.M. Best Company.

21. Any payments to be made after the death of the Payee pursuant to the terms of the Settlement Agreement shall be made to the Legacy Enhancement Trust FBO of Akhil Sanders or the Estate of the Payee. After age of majority, Payee may submit a change of beneficiary to the Assignee for payments directed to Payee himself. The designation must be in a form acceptable to the Assignee before such payments are made.

22. Payee acknowledges that the Periodic Payments cannot be accelerated, deferred, increased, or decreased by the Payee; nor shall the Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments or any part thereof, by way of assignment or otherwise.

23. Counsel is of the professional opinion that the proposed settlement is reasonable in light of the facts and circumstances of this case and represents a full and fair settlement for the injuries to the minor especially in light of the considerations referenced in Footnote 1 above.

24. Ms. Simmons is in agreement that the settlement is sufficient and fair and in fact worked with the settlement company to design the structure which has been described in further detail above.

25. A copy of the lien is attached.

26. A copy of a statement indicating the same is attached.

27.   Copies of medical records from Akhil Sanders' most recent visitation with his pediatrician are being submitted as a sealed exhibit to this motion pursuant to the relevant procedures in the Eastern District of Pennsylvani

**WHEREFORE**, the motion to settle and to compromise Akhil Sanders' claim should be **GRANTED**.

Respectfully submitted,

*Jason Javie*
_____
**Jason Javie**
**Attorney for Sareda Simmons**
1500 John F. Kennedy Boulevard
Suite 900
Philadelphia, Pennsylvania 19102
(215) 563-7642
(215) 563-9145 (Fax)
jason.javie@crllaw.com

Date: January 23, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAREDA SIMMONS,** Parent and Natural Guardian of **A.S.**, a Minor Child, | : : : | No. 2:24-cv-01395 |
| vs. | : : | (Judge Padova) |
| **POLICE OFFICER CRYSTAL HARRIS,** et al. | : : | |

## **CERTIFICATION**

I, Jason Javie, counsel for Petitioner in the above matter hereby certify that I believe the $500,000 settlement for Akhil Sanders to be fair, just and equitable.

Respectfully submitted:

*Jason Javie*
**JASON JAVIE**
**Attorney for Petitioner**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within document has been served upon the following parties: **ALL COUNSEL.**

Respectfully submitted,

*Jason Javie*
_____
**Jason Javie**
**Attorney for Sareda Simmons**
1500 John F. Kennedy Boulevard
Suite 900
Philadelphia, Pennsylvania 19102
(215) 563-7642
(215) 563-9145 (Fax)
jason.javie@crllaw.com

Date: January 23, 2026